Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **KELLY BIRCH**, | Case No.: 3:13-cv-227 |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692a, *et seq.*); |
| **FMS INVESTMENT CORPORATION**, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## I.  INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II.  JURISDICTION

2.     Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

### III. PARTIES

3.      Plaintiff, Kelly Birch ("Plaintiff"), is a natural person residing in Washington County, Oregon.

4.      Defendant, FMS Investment Corporation, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone.  Defendant regularly attempts to collect debts alleged due another.

### IV. FACTUAL ALLEGATIONS

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.      All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

8.      Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.      Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening in February and March 2012 to garnish Plaintiff for a student loan debt.  Plaintiff had no non-exempt assets to garnish and Defendant did not actually attempt an administrative wage garnishment, so this was a false threat (§ 1692e(5));

10.      Using false representations and deceptive practices in connection with

collection of an alleged debt from Plaintiff, including misrepresenting government policies and/or violating government policy with regard to rehabilitation agreements. Plaintiff sought to enter a rehabilitation agreement during the months of February and March, 2012, and Defendant refused, stating that Plaintiff had to make payments of a minimum amount of their choosing.  Federal regulations of debt collectors for guaranteed student loans require that rehabilitation agreements allow debtors to make payments that are affordable to the debtor, not of a minimum amount demanded by the collector (§ 1692e(10)).

11.    Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction,  and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b, including calling third parties, including but not limited to Plaintiff's daughter's cell phone more than once, disclosing to third parties, including but not limited to Plaintiff's daughter, that Plaintiff owes a debt, and contacting third parties, including but not limited to Plaintiff's daughter, for purposes other than obtaining location information  (§ 1692c(b), 1692b, 1692b(1), 1692b(2)).

12.    As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13.    Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and

severe emotional distress.

14.    Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

15.    To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16.    Plaintiff reincorporates by reference all of the preceding paragraphs.

17.    The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages pursuant to 15 U.S.C. 1692k;

C.    Statutory damages pursuant to 15 U.S.C. § 1692k;

D.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.    For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 8th day of February, 2013.

By:_/s/Joshua Trigsted___
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff